Filed 12/14/23  P. v. Marsh CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B325371 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA061125) |
| v. | |
| VERNON LEE MARSH, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Alan K. Schneider, Judge.  Affirmed.

Emry J. Allen, under the appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.

Vernon Lee Marsh appeals the trial court's order denying his petition for vacatur of his convictions of second degree murder (Pen. Code[1], § 187, subd. (a); count 1) and attempted murder (§§ 187, subd. (a) & 664; count 2). The trial court denied Marsh's petition because he failed to make a prima facie showing that he was eligible for relief. We affirm the trial court's order.

## FACTS AND PROCEDURAL HISTORY

On October 22, 2006, Gabriel Delira Caro and Giovanni Mariona were in Caro's car stopped at a red light.[2] Marsh exited a store nearby. He rapidly fired a handgun at Caro and Mariona, and then fled. Both men were wounded. Caro suffered an injury to his vertebrae, and ultimately died from the injury two years later.

Marsh was charged with murder (§ 187, subd. (a); count 1), attempted murder (§§ 187, subd. (a) & 664; count 2), and shooting at an occupied vehicle (§ 246; count 3). It was alleged in all three counts that Marsh personally used a firearm. (§ 12022.53, subds. (b)–(d).)

As relevant here, the jury was instructed regarding murder with malice aforethought (CALCRIM No. 520) and attempted murder (CALCRIM No. 600). The jury was not instructed on accomplice liability, the natural and probable consequences doctrine, felony murder, or any other theory of liability for murder based on participation in a different crime.

---

[1] All further statutory references are to the Penal Code.

[2] The facts are derived from Marsh's opening brief and are not in dispute.

The jury found Marsh guilty of second degree murder (count 1), attempted murder (count 2), and shooting at an occupied vehicle (count 3). It further found true the allegations that Marsh personally and intentionally discharged a firearm causing great bodily injury or death in all three counts. (§ 12022.53, subd. (d).) Marsh was sentenced to 40 years to life in prison. A different panel of this court affirmed the judgment.[3] (*People v. Marsh* (Sept. 26, 2011, B225981) [nonpub. opn.].)

In 2022, Marsh petitioned for vacatur of his murder and attempted murder convictions and resentencing under section 1172.6, which the People opposed. Appointed counsel filed a reply on Marsh's behalf. Following a hearing held pursuant to section 1172.6, subdivision (c), the trial court denied the petition because the record of conviction showed that the jury was not instructed on the natural and probable consequences doctrine or the felony murder rule. The trial court found that Marsh was not convicted under any theory of imputed liability, but rather as a principal and direct perpetrator of the crimes.

## DISCUSSION

### Section 1172.6

"Effective January 1, 2019, the Legislature passed Senate Bill 1437 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure

---

[3] We grant the People's request, filed on August 9, 2023, that we take judicial notice of the jury instructions given in Marsh's criminal trial and this court's unpublished opinion on direct appeal.

3

that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1, subd. (f).)  In addition to substantively amending sections 188 and 189 of the Penal Code, Senate Bill 1437 added section 1170.95 [now § 1172.6)], which provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*People v. Lewis* (2021) 11 Cal.5th 952, 959.)

Effective January 1, 2022, Senate Bill No. 775 amended former section 1170.95. (Stats. 2021, ch. 551, § 1).  As a result of these amendments, section 1172.6 provides that "person[s] convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter," may file a petition to have that conviction vacated under certain circumstances.  (§ 1172.6, subd. (a).)  If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the trial court must issue an order to show cause.  If an order to show cause issues, the court then "hold[s] a hearing to determine whether to vacate the murder, attempted murder, or manslaughter conviction and to recall the sentence and resentence the petitioner on any remaining counts" (*id*., subd. (d)(1)), unless the parties "waive a resentencing hearing and stipulate that the petitioner is eligible to have his or her . . . conviction vacated and to be resentenced (*id*., subd. (d)(2))."  "At the hearing . . . the burden of proof . . . [is] on the prosecution to

4

prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (d)(3).)

*Analysis*

On appeal, Marsh contends that the trial court's order must be reversed because the record of conviction does not preclude the possibility that he could provide evidence that "he was *not* the actual perpetrator" and that even if he was the shooter, the victim may have died from another cause, like medical negligence. Marsh misstates the reach of section 1172.6; it does not afford a retrial on every element of a murder or attempted murder conviction. Rather, to make a prima facie showing of eligibility for relief, Marsh must among other things, allege facts that, if true, would demonstrate that he could not "presently be convicted of murder or attempted murder *because of changes to Section 188 or 189 made effective January 1, 2019.*" (§ 1172.6, subd. (a)(3), italics added.) Neither issue that Marsh purports to raise in his petition was impacted by the amendments to sections 188 and 189.[4] We therefore reject the contention.[5] (See, e.g.,

---

[4] We note that Marsh could, and did, argue the issues of identity and causation in his direct appeal to this court in 2011.

[5] Marsh speculates that if this case had been prosecuted as a gang-related shooting, "the prospect exists" that he may not have been acting alone and the other participant may have been the shooter. He argues that the only viable theory of liability would have been the obsolete natural and probable consequences theory. Again, Marsh misunderstands his prima facie burden.

5

*People v. DeHuff* (2021) 63 Cal.App.5th 428, 438 [section 1172.6 "does not permit a petitioner to establish eligibility on the basis of alleged trial error"].)

The trial court did not err. The jury was not instructed under the natural and probable consequences doctrine or under a felony murder theory of liability; it therefore necessarily found that Marsh was the perpetrator of the murder and the attempted murder. He is ineligible for relief as a matter of law. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52 ["if the record shows that the jury was not instructed on either the natural and probable consequences or felony-murder doctrines, then the petitioner is ineligible for relief as a matter of law"].)

Alternatively, Marsh asserts that section 1172.6 violates due process, equal protection, and state and federal proscriptions against cruel and unusual punishment by treating similarly situated individuals differently or by "arriv[ing] at different results for such individuals" based on factors that are arbitrary, capricious, irrational or unpredictable. Marsh argues that "[s]imilarly situated petitioners are afforded an evidentiary hearing at which the prosecutor is required to prove their ineligibility under section 1172.6." Marsh does not specify the group to which he claims to belong. Nor does he specify the group to which he claims to be similarly situated beyond identifying that group as "petitioners . . . afforded an evidentiary hearing."

---

He must show, based on changes to section 188 and 189, that the basis upon which he was convicted is no longer valid. It does not matter whether he can imagine a situation in which the prosecution could have presented a different, now-invalid theory that was never presented to the jury.

6

Even if we construe Marsh's contention as arguing that petitioners who file a facially sufficient petition and are granted an evidentiary hearing are similarly situated to petitioners who file a facially sufficient petition and are denied an evidentiary hearing, his argument fails. These two groups are not similarly situated (*People v. Barrera* (1993) 14 Cal.App.4th 1555, 1565 ["only those persons who are similarly situated are protected from invidiously disparate treatment"]), and the denial of a hearing for petitioners who file a facially sufficient petition but do not make a prima facie showing of eligibility is not arbitrary, capricious, irrational, or unpredictable. A petitioner is entitled to an evidentiary hearing only if the petitioner (1) has alleged facts that, if presumed true, support a prima facie showing of eligibility, and (2) cannot be deemed ineligible for relief as a matter of law based on undisputed facts contained in the record of conviction. (§ 1172.6, subd. (c); see *People v. Lewis, supra,* 11 Cal.5th at pp. 971–972.) Whether petitioners who have met these requirements are entitled to resentencing is a *question of fact* that can only be resolved by an evidentiary hearing. (*People v. Lewis*, at p. 971.) In contrast, petitioners like Marsh have *not* made a prima facie showing of eligibility and are ineligible for relief as a *matter of law*. It is unnecessary for the trial court to evaluate disputed facts to reach this conclusion, so no evidentiary hearing is warranted. (*Ibid.*)

Marsh further contends that he was deprived of procedural due process protections because the prosecution was not required to prove that he was not entitled to relief beyond a reasonable doubt. This contention also lacks merit. Marsh was convicted of murder and attempted murder by a jury, beyond a reasonable doubt, under a valid theory of liability. He is not entitled to re-

7

litigation of his valid convictions. "[T]he retroactive relief . . . afforded by Senate Bill 1437 is not subject to Sixth Amendment analysis. Rather, the Legislature's changes constituted an act of lenity that does not implicate defendants' Sixth Amendment rights." (*People v. Anthony* (2019) 32 Cal.App.5th 1102, 1156.)

Finally, the denial of a section 1172.6 petition does not constitute punishment. Marsh's sentence of 40 years to life in prison was based on his valid convictions for murder, attempted murder, and shooting at an occupied vehicle, with attendant firearm use enhancements.

## DISPOSITION

We affirm the trial court's order denying Marsh's petition for resentencing under section 1172.6.

NOT TO BE PUBLISHED.


                                          MOOR, J.

WE CONCUR:


        BAKER, Acting P. J.


        KIM, J.

8